IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| FRANCIS GRANDINETTI, #A0185087, | CIV. NO. 15-00082 LEK/RLP |
| Plaintiff, | ORDER DISMISSING ACTION WITHOUT PREJUDICE PURSUANT TO 28 U.S.C. § 1915(g) |
| vs. | |
| U.T.M. M. OLSEN, et al., | |
| Defendants. | |

**ORDER DISMISSING ACTION WITHOUT PREJUDICE
PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is pro se Plaintiff Francis Grandinetti's prisoner civil rights complaint and exhibits. Compl., Doc. No. 1. Grandinetti is incarcerated at the Saguaro Correctional Center ("SCC"), located in Eloy, Arizona. For the following reasons, this action is dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

### I. BACKGROUND

Grandinetti complains that on or about March 5, 2015, he was transferred to a new cell so that he could participate in "new programming (RAD or SHIP-RAD)." *Id.*, PageID #3. Grandinetti alleges that during the transfer to the new cell, Defendants removed his personal belongings, gave him an inadequate mattress, and refused to return his property or bedding until he cleaned his new cell. *Id.* After Grandinetti

refused to clean the cell's floor, and refused to eat his dinner because his hands were dirty, the SCC Captain put him on "empty-cell status." *Id.* Grandinetti challenges this disciplinary action in this action. He asks that Defendants, apparently SCC officials and guards and the Hawaii Director of Public Safety, be summoned to appear before the First Circuit Court, State of Hawaii, for filing misconduct reports against him at SCC.

Grandinetti labels this pleading as a "Federal Habeas Corpus Application, FDP Issues (Disciplinary-Misconduct Case, FDC Branch-HI)," and "Multi-Venue Custody, 28 U.S.C. § 1407 M.D.L." *Id.*, PageID #1. He also refers to "28 U.S.C. § 1915(g) PLRA 18 U.S.C. § 3006A, CJA IFP Cases," apparently proffering a preemptive challenge to any finding that he may not proceed *in forma pauperis* ("IFP"). *See id.* Because he is challenging the conditions of his confinement in SCC, this court construes Grandinetti's pleading as asserting civil rights claims under 42 U.S.C. § 1983. *See Andrews v. King*, 398 F.3d 1113, 1122-23, n.12 (9th Cir. 2005)(recognizing that some habeas petitions are civil rights actions mislabeled as habeas petitions to avoid § 1915(g)'s penalties).

## II.  28 U.S.C. § 1915(g)

A prisoner may not bring a civil action or appeal a civil judgment IFP if he has:

> on 3 or more prior occasions, while
> incarcerated or detained in any facility,

> brought an action or appeal in a court of the
> United States that was dismissed on the
> grounds that it is frivolous, malicious, or
> fails to state a claim upon which relief may
> be granted, unless the prisoner is under
> imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's IFP status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). "[D]istrict court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Id.* at 1120. Once the district court has identified three cases that qualify as strikes, the prisoner has been put on notice as to what cases the court considered in denying IFP. *Id.* The prisoner then bears the burden of persuading the court that the prior dismissals did not qualify as strikes. *Id.*

Grandinetti has (1) accrued three strikes under 28 U.S.C. § 1915(g), (2) been notified of these strikes many times, and (3) been informed that he may not proceed IFP unless he is in imminent danger of serious physical injury. *See, e.g.*, *Grandinetti v. FDC Seg. Unit Staff*, 420 Fed. Appx. 576 (9th Cir. 2011); *Grandinetti v. Abercrombie*, Civ. No. 15-00007 LEK/RLP;

3

*Grandinetti v. Shimoda*, Civ. No. 05-00442 JMS/BMK; *Grandinetti v. Stampfle*, Civ. No. 05-00692 HG/LEK.

### III. <u>NO IMMINENT DANGER</u>

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time." *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007). This exception only "applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055 (citations omitted). The allegations in the complaint are the focus of the inquiry. *Id.*; *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (*en banc*). Claims of "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. *See Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Luedtke v. Bertrand*, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Grandinetti's allegations, that Defendants transferred him to a new cell, exchanged his mattress, required him to clean the new cell before they would return his belongings, and charged him with an SCC disciplinary infraction when he refused to properly clean the cell, do not plausibly suggest that he was in imminent danger of serious physical injury when he submitted this complaint.

4

Moreover, these allegations echo Grandinetti's pleadings in *Grandinetti v. Martinez*, Civ. No. 15-00081 SOM/KSC, filed on the same day as the present case.  In Civ. No. 15-00081, Grandinetti alleged that he was videotaped shredding his mattress on March 5, 2015, the day he alleges he was moved to a new cell in this action, placed on suicide watch, and then charged with a disciplinary infraction.  Nothing within either of these pleadings suggests that Grandinetti was in imminent danger of serious physical injury when he filed the present case.  Grandinetti may not proceed IFP in this action, and he did not concurrently pay the civil filing fee when he commenced this action.

## IV.   CONCLUSION

Grandinetti fails to carry his burden to show that he was in imminent danger of serious physical injury when he brought this action.  His own statements refute such a finding.  Grandinetti may not proceed in this action without payment of the civil filing fee.  This action is DISMISSED without prejudice pursuant to 28 U.S.C. § 1915(g).  Grandinetti may move within twenty-eight days to reopen this action for just cause or reassert his claims in a new action, with concurrent payment of the $400.00 filing fee.  Any pending motions are DISMISSED.

The March 19, 2015, Deficiency Order, Doc. No. 3, is VACATED.  The Clerk shall close this case and note on the docket

that this dismissal is without prejudice pursuant to 28 U.S.C. § 1915(g).

 IT IS SO ORDERED.

 DATED: Honolulu, Hawaii, March 30, 2015.



          /s/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States District Judge

*Grandinetti v. Olsen, et al.*, 1:15-cv-00082 LEK/RLP; 3 Stks 2015; J:\PSA Draft Ords\LEK\Grandinetti 15-82 lek (1915(g) ;  trsf to new cell, no imm. dng).wpd